UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| -against- | : | 16cr169 |
| PEDRO SERRANO, <br> a/k/a/ "Louis Ortiz," | : | OPINION & ORDER |
| Defendant. | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

WILLIAM H. PAULEY III, District Judge:

Raising the Double Jeopardy Clause of the Constitution, Defendant Pedro Serrano moves to dismiss the Indictment in this action. The Government opposes and asks this Court to make a determination that any appeal of this Opinion and Order would be frivolous. For the reasons that follow, Serrano's motion is denied and the Government's request is granted.

## BACKGROUND

In July 2016, a jury in this district convicted Serrano of being a felon in possession of ammunition, in violation of 18 U.S.C. § 922(g). A month later, Serrano moved for a new trial under Federal Rule of Criminal Procedure 33, and for a judgment of acquittal under Federal Rule of Criminal Procedure 29. In December 2016, this Court granted Serrano's Rule 33 motion for a new trial and denied his Rule 29 motion for a judgment of acquittal.

## DISCUSSION

"Where a defendant placed in jeopardy at trial is acquitted, jeopardy terminates with the judgment of acquittal, and the Double Jeopardy Clause bars retrial. But where jeopardy has attached and a defendant is convicted, retrial on the same charges is not constitutionally barred where it results from a reversal of conviction based on the defendant's own successful

1

demonstration of trial error on appeal." Hoffler v. Bezio, 726 F.3d 144, 160 (2d Cir. 2013) (internal citations omitted). "In such circumstances, the law . . . views the retrial as a facet of the original jeopardy." Hoffler, 726 F.3d at 160 (internal quotation marks omitted). And where the Government's "theories pass[] Rule 29 sufficiency . . . , the government is not precluded from pursuing any or all of them at a new trial." United States v. Ferguson, 246 F.3d 129, 137 (2d Cir. 2001). Because this Court previously granted Serrano's motion for a new trial based on trial error, and denied Serrano's motion for a judgment of acquittal on the basis of insufficient evidence (See ECF No. 84), the Double Jeopardy Clause does not bar a retrial.

Further, the Government asks this Court to make a determination that any appeal of this Opinion and Order would be frivolous. The denial of a motion to dismiss a double jeopardy motion is immediately appealable. See Abney v. United States, 431 U.S. 651, 659 (1977) ("[T]he very nature of a double jeopardy claim is such that it is collateral to, and separable from the principal issue at the accused's impending criminal trial."). But the Supreme Court specifically warned against allowing defendants to use frivolous double jeopardy motions to proceed as a method to "bring more serious, but otherwise nonappealable questions to the attention of the courts of appeals prior to conviction and sentence." Abney v. United States, 431 U.S. 651, 663 (1977). And it is settled that "[a] district court may retain jurisdiction and proceed to trial, despite the pendency of a defendant's interlocutory double jeopardy appeal, when the appeal is frivolous." United States v. Millan, 4 F.3d 1038, 1044 (2d Cir. 1993).

Here, any appeal of this Opinion and Order would be frivolous. The Supreme Court addressed an analogous situation in Richardson v. United States, 468 U.S. 317 (1984). After the trial judge declared a mistrial following a hung jury, the defendant moved for a judgment of acquittal based on the insufficiency of the evidence and argued that retrial was

barred by the Double Jeopardy Clause. Richardson, 468 U.S. at 319. The Supreme Court rejected that argument, holding "the protection of the Double Jeopardy Clause by its terms applies only if there has been some event, such as an acquittal, which terminates the original jeopardy." Richardson, 468 U.S. at 325. Thus, "[r]egardless of the sufficiency of the evidence at petitioner's first trial, he has no valid double jeopardy claim to prevent his retrial." Richardson, 468 U.S. at 326.

Here, no event has occurred to terminate Serrano's jeopardy. Claims of double jeopardy in a case where jeopardy has not terminated are "no longer 'colorable' double jeopardy claims which may be appealed before final judgment." Richardson, 468 U.S. at 326. Accordingly, because there is no set of facts to support Serrano's claim of double jeopardy, any appeal of this Court's Opinion and Order would be frivolous.

## CONCLUSION

Serrano's motion to dismiss the Indictment is denied and the Clerk of Court is directed to terminate the motion pending at ECF No. 85. The parties are directed to appear on March 3, 2017 at 2:00 p.m. for a pretrial conference.

Dated: February 14, 2017
       New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.

3